AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
| v. | CASE NO: 06-20436-01 |
| VALERIE RUTH SMITH | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of this Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801) **OR** under 18 U.S.C. § 924(c).

(2) The Defendant has not rebutted the presumption established by finding #1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this Defendant faces a mandatory minimum

of five years with the possibility of forty years potential custody for alleged violations of the Controlled Substances Act, I agree that the presumption applies. Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically marijuana. I find that from the grand jury having passed an Indictment there is probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), the Defendant is 54 years old and has considerable family ties to the Flint area. On this record, there is considerable evidence relating to the Defendant's addresses. The government argues that these multiple addresses show that her residence is so unreliable as to not serve as a potential basis for bond nor a rebuttal of the presumption in favor of detention. The Defendant gave Pretrial Services an address on Hampstead Street in Flint, and stated she had been living at this address sporadically. One of the Defendant's daughters advised Pretrial Services that the Defendant only resided at the Hampstead Street address "once in a while." The daughter also stated that she is moving and would not provide her new address to Pretrial, and would not make a commitment that the Defendant could reside with her at the new residence. Defense counsel proffers that the Defendant grew up on Adams Street in Flint, and the Defendant's mother still resides at that address. The Defendant's drivers license lists that address as her residence, however, the Defendant states she has also lived at an address on Green Street at various times since 1996. Defense counsel proffered that the Defendant is buying the residence on Green Street, and that one of the Defendant's daughters resides at that home, pays rent to the Defendant, and the Defendant has a bedroom reserved for her in that home. Defense

counsel proffers that two of the Defendant's daughters live at the residence on Hampstead Street, and that the Defendant has acted as a babysitter for several of her grandchildren.

Both parties agree that the Defendant, for some period of time, has been self employed as a hairdresser. Her last formal employment was in 2005 for three months at a Meijer's Store as a hairstylist.

During the hearing, government counsel proffered that the Defendant failed to reveal to anyone the existence of a son who resides in Englewood, California. The government states that review of postal records indicates that a number of large packages have been shipped from the son's address in Englewood to the Defendant's various addresses in Flint, and that these packages have contained substantial amounts of marijuana. Government counsel also proffers that as recently as May of 2006, packages were sent from outside the state to the various Flint addresses by a person using the Defendant's name.

The report from Pretrial Services indicates that in March of 1997 the Defendant pled guilty to Operating Under the Influence, paid fines and costs, was ordered to attend alcohol classes, and her drivers license was suspended. I do not consider that conviction an important factor in determining whether or not the presumption has been rebutted.

Defense counsel proffers that the Defendant could live with her mother, that the Defendant could live with her daughters at the Hampstead address who could act as third party custodians, or that the Defendant could reside with a sister. However, the Pretrial Services report points out that the Defendant's mother is 80 years of age. The officer had considerable difficulty ascertaining whether or not the mother actually understood what would be the impact of the Defendant moving into her residence, and whether the mother could act as a third party custodian. I find that whether or not the Defendant's mother is supportive, it

3

would be completely inappropriate to burden a person of that age with the significant responsibilities of third party custodianship.  The Pretrial Services report confirms that Defendant's sister would be willing to have the Defendant live with her and to act as a third party custodian.  The sister is employed full time at a hospital in the Clarkston area, and also provides care for some of the Defendant's grandchildren.  While it is clear that the sister is supportive, her circumstances, which are to her credit, make it impossible for her to exert the level of control over the Defendant I deem would be absolutely necessary.

In addition, from the government's proffer relating to the transmission of packages as recently as May of 2006, I note that at least six circuits have held that continued drug dealing constitutes danger to the community.  *United States v. Leon*, 766 F.2d 77 (2nd Cir. 1985); *United States v. Strong*, 775 F.2d 504 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758 (7th Cir. 1986); and *United States v. Sazenski*, 806 F.2d 846 (8th Cir. 1986).

As I weigh all these factors under the Bail Reform Act, I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the presumption in favor of detention has not been rebutted.  Even if it had, for the reasons stated earlier, there are no conditions nor any combination of conditions I could impose which would reasonably assure the safety of the community or the Defendant's appearance at future court hearings as required.  Accordingly, the government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Dated: September 7, 2006 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Mark Jones and Ken Sasse, and served on District Judge Gadola, Pretrial Services, and the U.S. Marshal's Service in the traditional manner.

Date: September 7, 2006         By     s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder

5